James Potter, Yufu Zhu
228 N Garfield Ave STE 202
Monterey Park CA 91754
Tel: 626-227-4575

FEE PAID
6/1

FILED
2025 FEB 18 PM 12: 06
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: MRV

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES POTTER and YUFU ZHU<br><br>Plaintiffs<br><br>v.<br><br>LIJIAN JIE and YINGLONG FAN<br>Defendants | 2:25-CV-01344-MWF(JCx)<br><br>COMPLAINT FOR<br>TRADEMARK INFRINGEMENT<br>UNFAIR COMPETITION,<br>FALSE DESCRIPTION, AND<br>INJURY TO BUSINESS REPUTATION |

Plaintiff, James Potter and Yufu Zhu, complaining of the Defendants, Lijian Jie and Yinglong Fan, alleges upon information and belief as follows:

## I. JURISDICTION AND VENUE

1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under §§32 and 43 of the Lanham Act, 15 U.S.C.§§1114(1) (Trademark

-1-

1. Infringement) and 1125(a)(Unfair Competition and False Description),for Unfair Business Practice arising under California Business and Professions Code §17200 et seq.,and for injury to business reputation.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C.§1338(a)and 15 U.S.C.§1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C.§1338(b)and 28 U.S.C.§1367.

3. This Court has personal jurisdiction over the defendants Lijian Jie and Yinglong Fan. Because they maintain their place of business in the State of California.

4. Venue is proper in this district under 28 U.S.C.§1391(b)and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district,and the defendant maintains its principal place of business in this district.

## II. INTRADISTRICT ASSIGNMENT

5. This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

## III. THE PARTIES

6. Plaintiffs James Potter and Yufu Zhu, are residences in California, having a principal place of business at 228 N. Gaifield Ave STE 202, Monterey Park CA 91754.

7. Upon information and belief, Defendant Lijian Jie and Yinglong Fan are residences in California, having a principal place of business at 9425 Venetian Way, Jurupa Valley,CA 92509.

## IV.FACTUAL BACKGROUND

8. James Potter was a secret member of China democracy Party in China since 2001 and he was elected as the Vice Chairman of United Headquarters of China Democeracy Party (CDP) in 2020 and elected as the chairman of CDP in February 2024.

9. Yufu Zhu was the co-founder of China Democracy Party in 1998 and was arrested and sentenced totally 16 years in prison in China. He was paroled to enter the United States by the State of Department. He was elected as the acting chairman of CDP on Feb. 1, 2025.

10. In March 2022, Mr. David Wong, the previous chairman, registered the service mark (Reg. No. 6,656,993) for CDP with the purpose to protect the design of the party's flag.

11. In Feb. 2024, David Wong assigned the service mark to James Potter who was elected as the new chairman instead of David Wong.

12. On Feb. 1, 2025, Defendant Lijian Jie, the previous vice chairman of CDP withdrew from CDP and desided to organize a new group. On Feb. 7, 2025 Defendant Lijian Jie registered a new corporation named "China Democracy Party United Headquarters" without the permission from CDP and use the banners and clothes with the service mark of CDP. He claimed he was the "acting chairman of CDP".

13. Defendant Yingling Fan designed the website at http://www.cdp.info and used Plaintiffs' service mark in the website.

14. On Feb. 15, 2025, based the facts, Plaintiff Yufu Zhu announced that Defendant is not the member of CDP any longer, and therefore lose the position of vice chairman of CDP ; Defendant has no any relation with CDP and will be personally responsible for any activities held by himself.

15. Defendants' use of Plaintiffs' service mark already caused confusion, mistake or deception in the minds of the public.

16. Defendants' infringement constitutes a willful and malicious violation of Plaintiffs' service mark rights, aimed at preventing Plaintiffs from continuing to build a reputation of the CDP with a mark they have already possessed.

## FIRST CLAIM

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT§32

17. Plaintiffs repeat and hereby incorporate herein by reference,as though specifically pleaded herein,the allegations of paragraphs 1 through 15.

18. Defendants' use of Plaintiff's service mark comprises an infringement of Plaintiffs' registered trademark and caused confusion,mistake and deception of the public as to the identity and origin of Plaintiffs' service,causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

19. By reason of the foregoing acts, Defendants are liable to Plaintiffs for trademark infringement under 15 U.S.C.§1114.23.

## SECOND CLAIM

## UNFAIR COMPETITION UNDER LANHAM ACT§43

20. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 15.

21. Defendants' use of Plaintiffs' service mark to promote, market, or sell his service in direct competition with Plaintiffs' services constitutes Unfair Competition pursuant to 15 U.S.C.§1125(a).

22. Defendats' use of Plaintiffs' service mark caused confusion, mistake, and deception among members. Defendants unfair competition has caused and will continue to cause damage to Plaintiffs, and is causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

## THIRD CLAIM

## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE§17200 ef seq

23. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 15.

24. Defendants' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code §17200.

25. Pursuant to California Business and Professions Code§17203, Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants profits associated with this unfair competition.

## FOURTH CLAIM

## FALSE DESCRIPTION

26. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 15.

27. Defendants' use of Plaintiffs' service mark is such an imitation and copy of Plaintiffs' trademark established in the market for association service that Lijian Jie's use thereof in the context of association services is likely to create confusion, or to cause mistake, or to deceive members as to the affiliation, connection or association of Plaintiffs' service, or to deceive members as to the origin, sponsorship or approval of Plaintiffs' services.

28. Plaintiffs aver that Defendants' use of the service mark comprises a false description or representation of such services under 15 U.S.C.§1125(a)(Section 43(a)of the Lanham Act).

## FIFTH CLAIM

## COMMON LAW INJURY TO BUSINESS REPUTATION

29. Plaintiffs repeat and hereby incorporate herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 15.

30. Plaintiffs allege that Defendants' use of Plaintiffs' trademark inures and creates a likelihood of injury to Plaintiffs' association business reputation because persons encountering Plaintiffs and their services will believe that Plaintiffs are affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of their services will injure the association business reputation of Plaintiffs and the goodwill that it enjoys in connection with their service mark.

WHEREFORE, Plaintiffs pray:

1. That Defendants and their agents, officers, employees, representatives, successors, assigns, and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from;

(a)using Plaintiffs' service mark , or any imitation thereof;

(b) using any service mark that imitates or is confusingly similar to or in anyway similar to Plaintiffs' trademark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiffs' services or their connectedness to Defendants.

2. That Defendants be required to file with the Court and serve on Plaintiffs within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

3. That, pursuant to 15 U.S.C.§1117, Defendants be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C.§1117, Defendants be compelled to account to Plaintiffs for any and all profits derived by him from his illegal acts complained of herein;

5. That the Defendants be ordered pursuant to 15 U.S.C.§1118 to deliver up for destruction all labels, signs, prints, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe Plaintiffs' trademark rights, as well as all plates, matrices, and other means of making the same;

6. That the Court declare this to be an exceptional case and award Plaintiffs their full costs and reasonable attorney's fees pursuant to 15 U.S.C.§1117;

7. That the Court grant Plaintiffs any other remedy to which it may be entitled as provided for in 15 U.S.C.§§1116 and 1117 or under state law; and,

8. For such other and further relief as the Court deems just and proper.

DATED: Feb. 18, 2025

By: _____

James Potter

By: _____

Yufu Zhu